IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert S.,<br><br>Plaintiff,<br><br>v.<br><br>Frank Bisignano, Commissioner of Social Security Administration,<br><br>Defendant. | Case No. 1:25-7860-JD-SVH<br><br>**ORDER** |

This matter is before the Court for review of the Report and Recommendation (the "Report") of United States Magistrate Judge Shiva V. Hodges, issued pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(a) (D.S.C.). (DE 23.) The Report recommends reversing the Commissioner's final decision denying the claim of Plaintiff Robert S.[1] ("Plaintiff") for Disability Insurance Benefits ("DIB") and remanding this matter for further administrative proceedings. The Commissioner timely filed objections to the Report (DE 24), and Plaintiff filed a reply (DE 25).

For the reasons below, the Court overrules the Commissioner's objections, adopts the Report's recommendation, reverses the Commissioner's final decision under sentence four of 42 U.S.C. § 405(g), and remands the matter for further administrative proceedings.

---

[1] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in Social Security cases, federal courts refer to claimants only by their first names and last initials.

## A. Background

On October 6, 2023, Plaintiff filed an application for DIB alleging disability beginning May 31, 2021. His claim was denied initially and upon reconsideration. After a March 6, 2025 hearing, Administrative Law Judge ("ALJ") Ethan Chase issued an unfavorable decision on March 18, 2025. The Appeals Council denied review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. Plaintiff then filed this action on July 18, 2025. (DE 1.)

The ALJ found that Plaintiff had severe impairments consisting of a history of fractures, depression, anxiety, and post-traumatic stress disorder ("PTSD"). He assessed a residual functional capacity ("RFC") for light work with occasional postural limitations, no climbing of ladders, ropes, or scaffolds, and mental restrictions to low-stress work with no fast-paced production requirements, occasional changes in the work setting, and occasional and superficial interaction with the public and coworkers. (Tr. 19-26.) The ALJ found Plaintiff unable to perform his past relevant work as a helicopter pilot but concluded at step five that other jobs existed in significant numbers that he could perform. Accordingly, the ALJ found Plaintiff not disabled from May 31, 2021, through the date of the decision. (*Id.*)

Plaintiff sought judicial review on two principal grounds: that the ALJ failed to properly evaluate the opinion evidence and that the ALJ failed to adequately explain his evaluation of Plaintiff's subjective symptoms. (DE 19.) The Report concluded that remand was warranted. (DE 23.) As relevant here, the Magistrate Judge found that the ALJ did not adequately explain the supportability and

consistency findings used to discount the opinions of licensed independent social worker Daniel Gaita ("SW Gaita") and chiropractor Brian Froehly, D.C. ("Dr. Froehly"), and did not build the required logical bridge between the evidence concerning Plaintiff's mental impairments and the decision to discount some of Plaintiff's subjective allegations. (*Id.* at 49–52, 58–60.)

The Commissioner objects on both grounds. He contends that the ALJ's decision, read as a whole, adequately explains the evaluation of the opinion evidence and that the Report impermissibly reweighs conflicting evidence. He further argues that the ALJ sufficiently addressed Plaintiff's mental-health treatment, periods of symptom exacerbation and improvement, mental-status findings, and activities of daily living. (DE 24 at 2–8.) Plaintiff responds that the objections largely supply post hoc rationales that the ALJ did not provide and that the Report correctly identified deficiencies in the ALJ's explanation. (DE 25 at 2–6.)

**B. Legal Standard**

A magistrate judge's recommendation has no presumptive weight, and responsibility for making a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must make a de novo determination of those portions of the Report to which a party makes a specific objection and may accept, reject, or modify the recommendation, in whole or in part. 28 U.S.C. § 636(b)(1). An objection is sufficiently specific when it reasonably alerts the district court to the true ground for the objection. *Elijah v. Dunbar*, 66 F.4th 454, 460 (4th Cir. 2023).

Judicial review of the Commissioner's final decision is limited to determining whether the correct legal standards were applied and whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (citation omitted). The Court does not reweigh conflicting evidence, make credibility determinations, or substitute its judgment for the ALJ's. *See Arakas v. Commissioner, Social Security Administration*, 983 F.3d 83, 95 (4th Cir. 2020).

That deferential standard does not eliminate the agency's obligation to explain its reasoning. The Fourth Circuit has emphasized that a reviewing court asks not only whether the ALJ examined the relevant evidence, but also whether the ALJ "offered a sufficient rationale in crediting certain evidence and discrediting other evidence." *Drumgold v. Commissioner of Social Security*, 144 F.4th 596, 605 (4th Cir. 2025) (quoting *Shelley C. v. Commissioner of Social Security Administration*, 61 F.4th 341, 353 (4th Cir. 2023)). Missing analysis can make it impossible to determine whether substantial evidence supports the ALJ's findings. *See Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013). And a reviewing court may not supply a rationale the agency itself did not give. *See id.* at 294; *Arakas*, 983 F.3d at 109. The decision therefore must provide an "accurate and logical bridge" from the evidence to the conclusion. *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (citation omitted).

Because Plaintiff filed his application after March 27, 2017, the ALJ was required to evaluate the persuasiveness of the medical opinions under 20 C.F.R. §

404.1520c. The two most important factors are supportability and consistency, and the ALJ must explain how those factors apply to each medical source. 20 C.F.R. § 404.1520c(a), (b)(2); *Drumgold*, 144 F.4th at 605. "Supportability is the degree to which a provider supports their opinion with relevant, objective medical evidence and explanation, and consistency is the degree to which a provider's opinion is consistent with the evidence of other medical and nonmedical sources in the record." *Oakes v. Kijakazi*, 70 F.4th 207, 212 (4th Cir. 2023). Although the ALJ need not discuss every item of evidence in detail, the decision must contain enough explanation to permit meaningful review of those findings. *See Drumgold*, 144 F.4th at 605–07.

When evaluating subjective symptoms, the ALJ must first determine whether objective medical evidence shows an impairment that could reasonably produce the alleged symptoms and then evaluate the intensity, persistence, and limiting effects of those symptoms. 20 C.F.R. § 404.1529(b), (c). At the second step, the ALJ may not disregard a claimant's statements solely because objective medical evidence does not substantiate them. 20 C.F.R. § 404.1529(c)(2); SSR 16-3p, 2017 WL 5180304, at *5. The ALJ must explain which symptoms he found consistent or inconsistent with the record and how that evaluation led to his conclusions. SSR 16-3p, 2017 WL 5180304, at *8. Meaningful review is frustrated when an ALJ moves directly from listing evidence to stating a conclusion without explaining the connection between the two. *Thomas v. Berryhill*, 916 F.3d 307, 311 (4th Cir. 2019).

## C. Discussion

### 1. Opinion evidence

The Commissioner first argues that the ALJ adequately explained why he found SW Gaita's and Dr. Froehly's opinions unpersuasive. As to SW Gaita, the ALJ stated that the opinion was not supported by objective evidence or the source's explanation, was not consistent with other evidence or SW Gaita's own treatment notes, was based primarily on Plaintiff's subjective symptoms, and extended in part beyond SW Gaita's area of expertise. (DE 24 at 3.) The Commissioner contends that the ALJ's earlier discussion of treatment response, largely normal mental-status findings, and the state-agency findings supplies the necessary explanation when the decision is read as a whole. (*Id.* at 3–5.)

The Court agrees with the Report that the explanation is insufficient. The ALJ's paragraph invokes the regulatory concepts of supportability and consistency, but largely states conclusions without showing how the evidence connects to those conclusions. SW Gaita's submissions were not devoid of explanation: he cited his observations of Plaintiff, Plaintiff's treatment history, diagnostic criteria and symptoms, and later assessed specific functional limitations concerning concentration, work stress, attendance, and completion of a workday. (DE 23 at 39–43, 49.) The ALJ was not required to discuss every item of that material, but the decision needed to make sufficiently clear why the cited support did not support the limitations assessed and why the opinion was inconsistent with the other record evidence. *See Drumgold*, 144 F.4th at 605–07.

The Report also acknowledged weaknesses in SW Gaita's submissions. It agreed that supportability was reduced by his failure to include individual treatment records, specify dates of treatment, explain the referenced "psychodynamic based telehealth mental support," or identify how he established Plaintiff's diagnoses. (DE 23 at 51.) Those matters could bear on supportability. To be clear, the Court may consider evidence the ALJ actually discussed elsewhere in the decision when determining whether his reasoning can reasonably be discerned. But the Commissioner's objection also advances more specific reasons, based on omissions in SW Gaita's submissions, that the ALJ did not himself articulate as the basis for his supportability finding. The Court may not affirm on rationales supplied by counsel rather than the agency. *See Arakas*, 983 F.3d at 109; *Radford*, 734 F.3d at 294.

Reading the decision as a whole also does not cure the deficiency. The Court has considered the specific portions of the ALJ's discussion identified by the Commissioner, including reports of improvement with therapy and medication, largely intact mental-status findings, and the state-agency prior administrative medical findings. (DE 24 at 3–5.) Those matters are relevant and may ultimately support a conclusion that SW Gaita's opinion is unpersuasive. But the ALJ did not explain why those matters undermined SW Gaita's specific assessments of concentration, work stress, attendance, excessive breaks, and ability to complete a workday, or how he reconciled them with contrary evidence in the record. The Court does not require the ALJ to repeat an earlier discussion or address every item of evidence. It requires a discernible analytical connection between the evidence relied

upon and the supportability and consistency findings. *See Drumgold*, 144 F.4th at 605–07. On this record, the Court cannot supply that connection itself. *See Radford*, 734 F.3d at 294–95.

*Drumgold* does not compel a different result. There, the medical source's submissions contained no objective medical evidence, no explanation of how the source reached her conclusions, and no notes from which her reasoning could be inferred; the Fourth Circuit, therefore, upheld the ALJ's supportability finding. 144 F.4th at 606–07. The Report reasonably distinguished those submissions from SW Gaita's, which identified observations, treatment history, symptoms, and functional effects. (DE 23 at 48–49.) The Court does not hold that SW Gaita's opinion must be credited. It holds only that the ALJ's stated reasoning does not permit meaningful review of the supportability and consistency findings.

The ALJ's reliance on the asserted unreliability of Plaintiff's subjective symptoms presents a related problem. The ALJ stated that SW Gaita's assessment was based primarily on subjective symptoms that were "not reliable." (DE 23 at 47.) To the extent the ALJ discounted SW Gaita's assessment because Plaintiff's MDD-related symptoms were subjective or lacked objective corroboration, that reasoning is inconsistent with *Shelley C. See* 61 F.4th at 361–62. Because of the "unique and subjective nature of MDD," the Fourth Circuit explained that subjective statements "should be treated as evidence substantiating the claimant's impairment." *Id.* at 362 (quoting *Arakas*, 983 F.3d at 97–98). *Shelley C.* does not require an ALJ to accept a claimant's subjective reports or a medical source's reliance on them. The ALJ remains

entitled to determine whether those reports are consistent with the record as a whole. But the subjective nature of the reported symptoms, or the lack of objective corroboration, cannot, by itself, justify discounting them. Here, the ALJ did not sufficiently explain what other evidence rendered the particular reports unreliable or how that evidence undermined the functional limitations SW Gaita assessed.

The Commissioner also argues that Plaintiff did not independently challenge the ALJ's evaluation of Dr. Froehly's opinion in his opening brief. (DE 24 at 5 n.1.) Plaintiff responds that he cited Dr. Froehly's opinion to challenge the ALJ's consistency analysis of SW Gaita's opinion, particularly the ALJ's criticism of SW Gaita for addressing intertwined physical and mental limitations. (DE 25 at 4; see DE 23 at 45.) The Court need not decide whether the evaluation of Dr. Froehly's opinion, standing alone, independently requires remand. The deficiencies in the evaluation of SW Gaita's opinion and Plaintiff's subjective mental health allegations are sufficient to require further administrative consideration. On remand, the Commissioner may reevaluate Dr. Froehly's opinion and its consistency with the other evidence as part of the overall opinion-evidence analysis.

**2. Subjective allegations**

The Commissioner next objects to the Report's conclusion that the ALJ did not adequately explain the evaluation of Plaintiff's subjective allegations concerning his mental impairments. The ALJ found that Plaintiff's medically determinable impairments could reasonably cause the alleged symptoms, but that Plaintiff's statements concerning their intensity, persistence, and limiting effects were "not

entirely consistent" with the record. The ALJ summarized physical and mental evidence, listed activities including household chores, cooking, personal care, driving, shopping, managing money, and spending time with others, and ultimately stated that he was giving Plaintiff "the benefit of the doubt" by imposing low-stress and social limitations in the RFC. (DE 23 at 56–57.)

The Report did not reverse merely because the record contains evidence that might support greater limitations. Rather, it identified a defect in the ALJ's explanation. The ALJ gave relatively specific reasons for discounting the alleged severity of Plaintiff's physical limitations, but his treatment of the mental health allegations did not explain which alleged limitations were credited, which were discounted, or how the evidence supported the particular mental restrictions included in the RFC. (DE 23 at 58.) As *Thomas* explains, a proper RFC analysis requires evidence, a logical explanation, and a conclusion; the logical explanation is "just as important as the other two." 916 F.3d at 311. Here, the decision does not provide that bridge between the mixed mental health evidence and the RFC. *See Monroe*, 826 F.3d at 189.

The Commissioner correctly notes that the ALJ did not ignore Plaintiff's course of mental-health treatment. The decision discussed medication and therapy, a period of worsening symptoms following recent trauma, subsequent improvement with treatment, and generally intact cognitive findings. (DE 24 at 6–7.) The Court therefore does not base remand on a premise that the ALJ failed to mention those matters. The problem is narrower. After recounting evidence reflecting both

improvement and continuing symptoms, including ongoing therapy and medication adjustments, the ALJ did not explain how he resolved that mixed evidence in finding Plaintiff's alleged mental limitations only partially consistent with the record or why that evidence supported the particular mental restrictions included in the RFC. In the context of chronic depression, the Fourth Circuit has cautioned against "highlighting [a claimant's] good moments and bypassing the bad." *Shelley C.*, 61 F.4th at 362–63. The Court does not decide which side of the evidentiary conflict should prevail; that is the ALJ's task in the first instance. The deficiency is that the decision does not sufficiently explain how the ALJ resolved that conflict.

The same applies to activities of daily living. Daily activities are a permissible factor in evaluating symptoms and may be considered as part of the totality of the evidence. *See Drumgold*, 144 F.4th at 608. But an ALJ may not simply list activities without acknowledging their limited extent or explaining how they demonstrate an ability to sustain full-time work. *See Brown v. Commissioner Social Security Administration*, 873 F.3d 251, 269–70 (4th Cir. 2017). Here, the ALJ listed several activities and stated they were "not limited to the extent one would expect," but did not discuss their frequency, duration, or manner of performance or otherwise explain how they undermined the specific mental-health limitations Plaintiff alleged. (DE 23 at 56–59.) This does not require the ALJ to catalog every detail of every daily activity. But because the ALJ relied on those activities as evidence inconsistent with Plaintiff's alleged mental limitations, the decision needed to explain the asserted inconsistency rather than merely identify the activities themselves.

Finally, the Commissioner argues that remand is unwarranted because the Report does not identify evidence compelling a contrary disability finding. (DE 24 at 7–8.) That argument asks the wrong question. The Court does not find that the evidence compels a determination that Plaintiff is disabled. Rather, the ALJ's explanation does not permit the Court to determine whether his resolution of the conflicting evidence is supported by substantial evidence. When the reviewing court has no adequate basis to evaluate the ALJ's reasoning, the ordinary course is to remand for further explanation rather than to resolve the factual issue judicially. *See Radford*, 734 F.3d at 295. The Court, therefore, overrules the Commissioner's objection to the Report's analysis of Plaintiff's subjective allegations.

**D. Conclusion**

After de novo review of the portions of the Report to which the Commissioner specifically objects, and review of the remainder for clear error, the Court finds no basis to reject the Magistrate Judge's recommended disposition. Accordingly, the Court **OVERRULES** the Commissioner's objections (DE 24) and **ADOPTS** the Report and Recommendation (DE 23) to the extent set forth in this Order.

Under sentence four of 42 U.S.C. § 405(g), the Commissioner's final decision is **REVERSED**, and this matter is **REMANDED** to the Commissioner for further administrative proceedings consistent with this Order. On remand, the Commissioner shall reevaluate the opinion evidence under 20 C.F.R. § 404.1520c and Plaintiff's subjective symptoms under 20 C.F.R. § 404.1529 and SSR 16-3p, reassess

the RFC, and proceed through the sequential evaluation as necessary. The Court expresses no opinion on the ultimate disability determination.

The Clerk of Court is directed to enter a separate judgment pursuant to Federal Rule of Civil Procedure 58 and close this case.

IT IS SO ORDERED.

Joseph Dawson, III
United States District Judge

Florence, South Carolina
October 13, 2026